```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSE GIRON GUZMAN and                          :
HUMBERTO VASQUEZ,                              :         23 Civ. 10382 (GS)
                                               :
                        Plaintiffs,            :         ORDER APPROVING
                                               :            SETTLEMENT
        - against -                            :
                                               :
RAFFANA LLC, doing business as                 :
DA RAFFAELE RESTAURANT, located at             :
883 First Avenue, New York, NY 10022,          :
and RAFFAELE ESPOSITO, individually,           :
                                               :
                        Defendants.            :
------------------------------------------------------------X
```

**GARY STEIN, United States Magistrate Judge:**

The Court is in receipt of the parties' fully executed settlement agreement (the "Settlement Agreement") and counsel's letter seeking approval thereof pursuant to *Cheeks v. Freeport Pancake House Inc.*, 796 F.3d 199 (2d Cir. 2015). (*See* Dkt. No. 26). After carefully reviewing counsel's letter and the provisions of the Settlement Agreement, I find that the Settlement Agreement warrants approval under *Cheeks*.

First, the economic terms of the Settlement Agreement, including the settlement amounts for each Plaintiff, the payment schedule, and Plaintiffs' remedies in the event of breach, are fair and reasonable. (*See* Dkt. No. 26 Ex. A ¶¶ 1, 8). I reach this conclusion for the reasons set forth in counsel's letter (*see* Dkt. No. 26 at 1-2) and based on my own assessment of the totality of the circumstances and consideration of the factors set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Court's review of the relevant allegations in

the Complaint (Dkt. No. 1 ¶¶ 21-39), coupled with Plaintiffs' counsel's representation in counsel's letter (Dkt. No. 26 at 2), indicates that the amount each Plaintiff will receive under the settlement exceeds his total claim for unpaid wages and includes some portion of his claims for liquidated and statutory damages. *See, e.g., Villalva-Estrada v. SXB Restaurant Corp.*, No. 14 Civ. 10011 (AJN), 2016 WL 1275663, at *3 (S.D.N.Y. Mar. 30, 2016) (approving as fair and reasonable settlement under which plaintiff received 100% of his unpaid wages plus a smaller percentage of possible statutory and liquidated damages).

Second, I also find the non-economic terms of the Settlement Agreement to be fair and reasonable. (*See* Dkt. No. 26 Ex. A ¶¶ 7, 8). Although the release of claims in Paragraph 2 is non-mutual (*see id.* ¶ 2), a non-mutual release has been approved where, as here, the scope of the release given by Plaintiffs is limited to the wage-and-hour claims that are the subject of Plaintiffs' lawsuit. *See, e.g., Flores Galloso v. 3821 Food Corp.*, No. 20 Civ. 1940 (RA), 2021 WL 860343, at *2 (S.D.N.Y. Mar. 8, 2021). Notably, the Settlement Agreement contains no confidentiality or non-disparagement clause.

Third, the amounts payable to Plaintiffs' counsel for attorney's fees and costs are fair and reasonable. Plaintiffs' counsel will receive a contingency fee representing one-third of the total settlement amount (minus costs). (Dkt. No. 26 at 3). *See Vargas v. Pier 59 Studios L.P.*, No. 18 Civ. 10357 (VSB), 2021 WL 6066088, at *2 (S.D.N.Y. Nov. 4, 2021) ("courts regularly approve attorney's fees of one-third

of the settlement amount in FLSA cases"). The attorney's fee award is less than 40% of counsel's lodestar for their work on this case. (Dkt. No. 26 Ex. B).

Finally, the Settlement Agreement, which contemplates that Defendants will pay the settlement amount in six monthly installments, provides for this Court to retain jurisdiction to enforce the Settlement Agreement. (Dkt. No. 26 Ex. A ¶¶ 1, 4). The parties have submitted a proposed Stipulation of Dismissal with Prejudice that expressly provides that this Court "shall retain jurisdiction to enforce the parties' settlement agreement." (Dkt. No. 26 Ex. C). This language constitutes a valid retention of jurisdiction, *see Cardoso v. Paramount Foods Inc.*, No. 15 Civ. 7674 (SDA), 2020 WL 8880943, at *2 (S.D.N.Y. Apr. 30, 2020), and the Court finds it appropriate to retain jurisdiction in this case.

Accordingly, the Settlement Agreement is hereby **APPROVED**. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

DATED:   New York, New York
         April 26, 2024

_____
GARY STEIN
United States Magistrate Judge